[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
Woodlands Health Center is a nursing home facility operated by the defendant, Connecticut Health Associates, Inc., d/b/a Connecticut Health Partners Limited Partnership. The plaintiff, Yolanda Klimas, brings this action in her capacity as executrix of the estate of Eleanor Hodgins. On May 17, 1999, the plaintiff filed a complaint, and subsequently on March 20, 2002, filed a four count amended complaint alleging the following facts.[1] On or about August 18, 1977, Hodgins, the plaintiff's decedent, entered the Woodlands Health Center. Due to her medical condition, she was at risk for choking and falling. On December 7, 1997, Hodgins was left unattended in the bathroom and fell. After the fall an x-ray was taken, in which there were "no rib fractures visualized." (Plaintiff's complaint, ¶ 9.) Hodgins complained of pain and was medicated. On December 13, 1997, when complaints of pain persisted, Hodgins was referred to a local hospital for x-rays. The x-rays showed three ribs were fractured. The plaintiff's complaint additionally alleges numerous violations of the Connecticut health code and breach of contract. Hodgins died on January 18, 1999, of causes unrelated to the fall. On April 15, 1999, the plaintiff was appointed executrix of Hodgins' estate. Count one of the plaintiff's complaint alleges violations of General Statutes § 19a-550 (b), 42 U.S.C. § 1396r
(b)(c) and negligence. Count two alleges recklessness. Count three alleges violations of General Statutes § 42-110b (CUTPA). Count four alleges breach of contract.
On April 11, 2002, the defendant filed a motion to strike counts one, two, three and four of the plaintiff's complaint and a memorandum of law in support thereof. The defendant argues that those counts fail to state a claim upon which relief can be granted and are insufficient as a matter of law. Specifically, the defendant argues that count one must be stricken because (1) it attempts to allege three separate causes of action in the same count, in violation of Practice Book § 10-26; (2) CT Page 14757 it fails to allege specific facts describing violations of the patients' bill of rights pursuant to General Statutes § 19a-550 (b); (3) no private action exists under 42 U.S.C. § 1396r (b)(c); and (4) it fails to allege a legally sufficient cause of action in negligence. The defendant argues that count two fails to allege a legally sufficient cause of action for recklessness, and that count three fails to allege a legally sufficient cause of action for CUTPA. Finally, defendant claims that count four is insufficient because the plaintiff cannot bring a cause of action for breach of contract because she is not a party to the contract, and, therefore lacks standing.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The role of a trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000).
In reviewing a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency. . . ." (Citation omitted.) Bouchard v. People's Bank,219 Conn. 465, 471, 594 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc.,196 Conn. 91, 108-109, 491 A.2d 368 (1985). "[I]f a motion to strike attacks an entire count, but any part of the plaintiff's claims therein are legally sufficient, the motion will fail." Durkin v. First Healthcare Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV 88 0350622 (October 18, 1990, Freed, J.) (2 Conn.L.Rptr. 745). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). CT Page 14758
 I. COUNT ONE C.G.S. § 19a-550 (b)
In its Motion to Strike count one, the defendant advances three separate and distinct arguments, each addressed to what is perceived to be three different causes of action alleged in the first count: common law negligence, violation of the Connecticut Patients Bill of Rights, General Statutes § 19a-550 and violation of the Social Security Act, Title 42 U.S.C. § 1396r, et seq. It is not necessary to address each argument advanced by the defendant because the court construes count one to allege only a violation of the Patients Bill of Rights, General Statutes § 19a-550 (b). While there are references in that count to federal law and negligence, the plaintiff makes specific and exclusive reference to § 19a-550 (b) in the caption of the first count. So construed, the defendant complains that the "plaintiff has failed to plead any facts describing specific violations of the Patients' Bill of Rights against the defendant."
General Statutes § 19a-550 specifies 28 rights conferred on nursing home patients by the legislature. Count 1 of plaintiff's complaint fails to specify which, if any, of the 28 protections was violated by defendant's conduct. Construed in the light most favorable to the plaintiff, count one appears to allege that the defendant negligently failed to escort plaintiff to the bathroom and/or negligently failed to diagnose the plaintiff's fractured ribs after her fall in the bathroom. While such allegations would be sufficient to maintain a cause of action in simple common law negligence, plaintiff alleges instead a violation of § 19a-550. Plaintiff's failure to specify the particular section or sub-sections alleged to have been violated by the defendant requires that the defendant's motion to strike be granted. A review of the 28 specific rights enumerated in the statute fails to disclose which right (s) of the plaintiff may have been violated. Neither the plaintiff's complaint or reply to the defendant's motion to strike permits the court to conclude that, construing the allegations in the light most favorable to her, the plaintiff has set forth a cause of action arising out of a violation of General Statutes § 19a-550.
 II. COUNT TWO Recklessness
The next issue is whether the plaintiff sets forth a legally sufficient cause of action for recklessness. Count two of the plaintiff's complaint CT Page 14759 incorporates paragraphs one through thirteen of count one and additionally alleges that "[t]he conduct of the [defendant] constituted a reckless disregard for the rights of the patient, Eleanor Hodgins in that the [defendant], its agents, servants and/or employees failed to attend to Eleanor Hodgins for a period of time during which she sustained a fracture of the 6th 7th and 8th ribs which fractures had been undiagnosed for approximately six days by the [defendant], its agents, servants and/or employees. Wherefore, as a result of the reckless disregard of the rights of the patients, the patient seek[s] damages." (Plaintiff's complaint, ¶¶ 14, 15.) The plaintiff argues that these facts elevated the defendant's conduct from negligence to that of recklessness. The defendant moves to strike count two because "the allegations in count two are identical to those in count one except for the use of the conclusory term reckless disregard." (Defendant's memorandum, p. 9.)
"A cause of action in recklessness may be sufficiently alleged upon the same facts that would support a cause of action in negligence provided the allegations are independently sufficient to support a cause of action in recklessness." Walsh v. Abbott Terrace Health Center, Inc., Superior Court, judicial district of Waterbury, Docket No. CV 99 0137269 (September 18, 2000, Wiese, J.). "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater. . . . than that which is necessary to make his conduct negligent. (Internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608, 614-15, 539 A.2d 108 (1988). "The conduct must be more than negligence and more than gross negligence. The mere use of the [word] reckless is insufficient to raise an actionable claim of reckless . . . misconduct." (Citation omitted; internal quotation marks omitted.) Thomas v. Exceptional Subs, Inc., Superior Court, judicial district of New Haven, Docket No. CV 99 0435606 (January 15, 2002, Arnold, J.). "There is no dispute that a complaint must set forth specific factual allegations which would support a finding of wanton or reckless conduct. Wilful, wanton or reckless conduct all refer to the same type of conduct. . . . It is highly unreasonable conduct which involves an extreme departure from ordinary care." (Citations omitted.) Bradley v. Central Naugatuck Valley Help, Inc., Superior Court, judicial district of Waterbury, Docket No. CV 95 0126436 (February 2, 1997, Vertefeuille, J.) (19 Conn.L.Rptr. 34, 35).
Viewing all of the allegations in the light most favorable to the plaintiff, the court cannot conclude that the defendant's acts, as alleged by the plaintiff, constitute "highly unreasonable conduct which involves CT Page 14760 an extreme departure from ordinary care." Id. The plaintiff alleges that immediately following Hodgins' fall, an x-ray was taken, which did not show any rib fractures, and that Hodgins was medicated after complaints of pain. Additionally, the plaintiff further alleges that when complaints of pain persisted, Hodgins was referred to a local hospital for another x-ray, which revealed the rib fractures. These allegations are not sufficient to support a cause of action for recklessness, i.e. an extreme departure from ordinary care. Accordingly, the defendant's motion to strike count two is granted.
 III. COUNT THREE Connecticut Unfair Trade Practices Act (CUTPA)
Count three of the plaintiff's complaint alleges violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §42-110a et seq., more specifically § 42-110b. The defendant moves to strike count three on the ground that the plaintiff fails to allege facts sufficient to maintain such a claim.
Section 42-110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." A private cause of action for a violation of CUTPA is available under General Statutes § 42-110g
(a), which provides in relevant part:
"Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages."
"[T]he provision of medical services falls within CUTPA's definition of trade or commerce as the distribution of any services. . . ." (Citations omitted; internal quotation marks omitted.) Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 32, 699 A.2d 964 (1997). "[T]he touchstone for a legally sufficient CUTPA claim against a health care provider is an allegation that an entrepreneurial or business aspect of the provision of services is implicated, aside from medical competence or aside from medical malpractice based on the adequacy of staffing, training, equipment or support personnel." (Emphasis added; internal quotation marks omitted.) Sherwood v. Danbury Hospital, 252 Conn. 193, 213,746 A.2d 730 (2000). "Although physicians and other health care providers are subject to CUTPA, only the entrepreneurial or commercial aspects of CT Page 14761 the profession are covered, just as only the entrepreneurial aspects of the practice of law are covered by CUTPA." Haynes v. Yale-New Haven Hospital, supra, 243 Conn. 34. "CUTPA claims may arise. only when the actions at issue are chiefly concerned with entrepreneurial aspects of practice, such as the solicitation of business and billing practices, as opposed to claims directed at the competence of and strategy employed by the . . . [defendant]." (Citations omitted; internal quotation marks omitted.) Clifford v. Becker, Superior Court, judicial district of Waterbury, Docket No. CV 00 0162656 (September 10, 2001, Doherty, J.).
In support of her claim, the plaintiff alleges numerous and repeated violations of the Connecticut public health code, Connecticut regulations, General Statutes § 19a-550, 42 U.S.C. § 1396, et. seq. and General Statutes § 42-110 et. seq. The violations alleged by the plaintiff extend over a three year period, commencing before plaintiff's injury and ending well over a year after. Specifically, the plaintiff sets forth instances of alleged violations on the part of the defendant such as "ceiling vents were observed to contain a heavy accumulation of dust and debris"; (Plaintiff's complaint, ¶ 14a); "the wallpaper was observed to be peeling, torn and/or stained in numerous areas"; (Plaintiff's complaint, ¶ 14i); "failing to ensure that two patients who required anti-embolism stockings received the treatment in accordance with the established care plan"; (Plaintiff's complaint, ¶ 19); and failed to provide plans and approaches to prevent the patient from injuring herself." (Plaintiff's complaint, ¶ 21.) The plaintiff argues that because these allegations all involve physical aspects of the facility, they illustrate the defendant's decision not to perform maintenance or housekeeping, in violation of CUTPA. Additionally, the plaintiff argues that these allegations, combined with the allegations of numerous violations of the Connecticut public health code, do not involve medical competence or medical malpractice, but rather the entrepreneurial or business aspect of the provision of services, and, therefore, are legally sufficient to state a cause of action pursuant to CUTPA.
"To date, the Supreme Court has approved the application of CUTPA only to the business operations that are the same for health care providers as for a business offering any other kind of product or service, such as billing or transactions involving corporate assets." (Internal quotation marks omitted.) Clifford v. Becker, supra, Superior Court, Docket No. CV 000162656. In the present case, the facts set forth in the complaint fail to allege that an entrepreneurial or business aspect of the provision of services is implicated, as required to support a CUTPA claim against the defendant. Furthermore, the alleged CUTPA violations have no relationship whatsoever with the gravaman of the plaintiff's complaint, namely her CT Page 14762 slip and fall and subsequent failure of the defendant to properly diagnose and treat her injuries. It is that constellation of allegations that must constitute the CUTPA violation, not a laundry list of infractions that pre and post date the incident in question and which have no factual or legal nexus to the underlying complaint in this action. The defendant's motion to strike count three is therefore granted.
 IV. COUNT FOUR Breach of Contract/Warranty
The plaintiff's final claim is that the defendant and the State of Connecticut had a contractual agreement and that the "defendant breached its agreement in providing services or otherwise provided care and services below that level of care [that] is impliedly warranted based upon both state and federal law and regulation. . . ." (Plaintiff's complaint, ¶ 45.) The plaintiff argues that because the defendant accepts payment from the State of Connecticut for providing services in accordance with a provider agreement and applicable law, providing services below an impliedly warranted standard of care breaches this agreement. The defendant argues that count four is legally insufficient because the plaintiff cannot bring a cause of action for breach of contract, specifically because she was not a party to the contract, and, therefore lacks standing.
"The law regarding the creation of contract rights in third parties in Connecticut is . . . well settled. . . . [T]he ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties. . . . The requirement that both contracting parties must intend to confer enforceable rights in a third party rests, in part at least, on the policy of certainty in enforcing contracts. That is, each party to a contract is entitled to know the scope of his or her obligations thereunder." (Citations omitted, internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245. 261, 765 A.2d 505 (2001). "It is well settled that one who [is] neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract." (Internal quotation marks omitted.) Tomlinson v. Board of Education,226 Conn. 704, 718, 629 A.2d 333 (1993). CT Page 14763
The plaintiff does not set forth any facts to support her contention that the she is a party to this contract or is a contemplated beneficiary thereof. Furthermore, even if the plaintiff were a party to this contract or a beneficiary thereof, "[a] breach of contract claim against a health care provider requires allegations of a breach of a contractual duty and that the parties contracted for a specific result . . . (Citations omitted.) Smith v. Hillcrest Healthcare, Inc., Superior Court, judicial district of New London, Docket No. 0556851 (July 30, 2001, Martin, J.). "Where the plaintiff has merely alleged that the defendant impliedly agreed to meet the requisite standard of care, or, in essence impliedly agreed not to commit malpractice . . . the court will find that the plaintiff has not sufficiently alleged the existence of a special agreement." (Internal quotation marks omitted.) Hanchar v. Silver Hill Hospital, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 98 0163502 (February 29, 2000, D'Andrea, J.).
The allegations set forth in the complaint are legally insufficient to support a claim for breach of contract. The plaintiff fails to allege that she was a party to a contract or a contemplated beneficiary thereof, and therefore she lacks standing. Accordingly, the defendant's motion to strike count four is granted.
 CONCLUSION
For the foregoing reasons counts one, two, three and four of the plaintiff's amended complaint are stricken.
SO ORDERED.
 ___________________, J. HOLZBERG